1  SEYFARTH SHAW LLP
   Kenwood C. Youmans (SBN 68258)
2  kyoumans@seyfarth.com
   David D. Kadue (SBN 113578)
3  dkadue@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067
   Telephone:    (310) 277-7200
5  Facsimile:     (310) 201-5219

6  SEYFARTH SHAW LLP
   William J. Dritsas (SBN 97523)
7  wdritsas@seyfarth.com
   560 Mission Street, 31st Floor
8  San Francisco, California 94105
   Telephone:    (415) 397-2823
9  Facsimile:     (415) 397-8549

10 SEYFARTH SHAW LLP
   Emily Schroeder (SBN 274257)
11 eschroeder@seyfarth.com
   333 S. Hope Street, Suite 3900
12 Los Angeles, California 90071
   Telephone:    (213) 270-9600
13 Facsimile:     (213) 270-9601

14 Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

15            UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17

18 LILIANA CANELA, individually and on behalf of    Case No.
   all others similarly situated,
19                                                   CV 13-03598 HRL
                                                     NOTICE OF REMOVAL BY
20            Plaintiff,                             DEFENDANT COSTCO WHOLESALE
                                                     CORPORATION
21        v.
                                                     [28 U.S.C. §§1332(d) AND 1441]
22 COSTCO WHOLESALE CORPORATION and
   DOES 1 through 10, inclusive,                     (Santa Clara County Superior Court Case No.
23                                                   113CV248813)
              Defendants.
24                                                   Complaint Filed:    July 1, 2013

25 TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

26 CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

27

28

_____
NOTICE OF REMOVAL BY DEFENDANT COSTCO WHOLESALE CORPORATION
                                          CASE NO. _____

PLEASE TAKE NOTICE that Defendant Costco Wholesale Corporation hereby removes the above-referenced action from the Superior Court of the State of California, for the County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§1441, asserting original federal jurisdiction under both 28 U.S.C. §§1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")) and 1332(a)(1). Removal is proper for the following reasons.

### VENUE

1.      Venue lies in this Court pursuant to 28 U.S.C. §§1441 and 1446(a). This action is being removed from the Superior Court of the State of California, County of Santa Clara. Costco believes that this action should be removed to the United States District Court for the Northern District of California.

### INTRA-DISTRICT ASSIGNMENT

2.      Pursuant to Local Rule 3-2(e), this action should be assigned to the San Jose division of this Court because Plaintiff alleges she worked at the Costco in San Jose, California, which is located in Santa Clara County. (Exh. A, Comp. at ¶ 2.)

### BACKGROUND

3.      On July 1, 2013, the Plaintiff, Liliana Canela, sued Costco in the Superior Court of the State of California, County of Santa Clara, in an action styled *Liliana Canela v. Costco Wholesale Corporation, et al.*, Case No. 113CV248813. The Complaint is copied as **Exhibit A**. This case is a "class and representative action." (Ex. A, Compl.¶ 1.)

4.      Plaintiff alleges "individually and on behalf of all others similarly situated," (*id.* at ¶ 2) that Costco "failed to provide her and other member service employees who worked as greeters or as exit checkers with seats as required by [Wage Order 7-2001] Section 14." (*Id.* at ¶ 10.) Plaintiff contends this alleged failure to provide seats violated Labor Code Section 1198. (*Id.*) Plaintiff further alleges that she and the employees she seeks to represent may recover civil penalties under the California Labor Code Private Attorney General Act of 2004 (Labor Code § 2698, *et seq.*) (hereinafter "PAGA"). (*Id.* at 11.)

### TIMELINESS OF REMOVAL

5.      Plaintiff served Costco with the Summons and Complaint in this action on July 3, 2013. The Proofs of Service of Summons are copied within **Exhibit A**.

6.      A notice of removal is timely when filed within thirty (30) days of service of a complaint revealing the case was properly removable. 28 U.S.C. §1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). This notice is filed within thirty days of service. *See* Fed. R. Civ. Proc. 6(a).

## JURISDICTION

### Diversity Jurisdiction—Class Action Fairness Act

7.      This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. §1332(d)(2). As set forth below, this action is properly removable pursuant to 28 U.S.C. §1441(a). The Court has original jurisdiction over this action because it is a purported class action with an amount in controversy exceeding $5,000,000 (exclusive of interest and costs), because the action is a class action in which at least one class member is a citizen of a state different from Costco, *see* 28 U.S.C. §§1332(d)(2) & (d)(6), and because the number of class members (Member Service Assistants) exceeds 100, in that the number of persons performing member service duties as greeters or as exit checkers during any given pay period has been about 968. *See* 28 U.S.C. §1332(d)(5)(B).

### Diverse Citizenship of the Parties

8.      **Plaintiff's Citizenship**. Plaintiff is a citizen of California. She resides in the County of Santa Clara, California. (Ex. A, Compl. ¶ 2.) For diversity purposes, a person is a "citizen" of the State in which she is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).

9.      **Costco's Citizenship**. Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Costco is now, and since this action commenced has been, incorporated under the laws of the State of Washington, with its principal place of business in Washington. Costco's principal place of business is Issaquah, Washington under the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). As Issaquah, Washington is the site of Costco's corporate headquarters and executive offices, where its high-level officers direct, control, and coordinate its activities, Costco's

2

15892463v.3

"nerve center" is in Washington. Costco has been at all relevant times a citizen of the State of Washington. It is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

10.   **Only Minimal Diversity Required Under CAFA.** Regardless of any purported class member's citizenship, removal is proper under CAFA because there need only be "minimal" diversity, i.e., if *any* class member is a citizen of a different state than *any* defendant, then sufficient diversity exists for removal under CAFA. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). As demonstrated above, because Plaintiff is a citizen of California and Costco is a citizen of Washington, the "minimal" diversity required by CAFA is satisfied.

11.   **Doe Defendants.** Pursuant to 28 U.S.C. §1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join a removal petition). Thus, the existence of Doe defendants 1 through 10 does not deprive this Court of jurisdiction.

**Amount in Controversy**

12.   Although Plaintiff has not alleged the amount of recovery she seeks for herself or the putative class, Costco set forth below facts to show, by a preponderance of the evidence, that the amount in controversy exceeds any jurisdictional threshold.[1]

13.   The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. §1332(d)(6). Federal jurisdiction under CAFA exists "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14, at 49. Moreover, the Senate Judiciary Committee's Report makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14 at 49 ("[I]f a federal court is uncertain about whether 'all matters in

---

[1] The amount in controversy, of course, a function of the plaintiff's claims, not their merit.

3

15892463v.3

controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

14.    An action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). A defendant may meet its burden by providing evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Id.*

15.    In determining the amount in controversy, the Court must consider the recovery sought, including penalties, as well as recoverable statutory attorney fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

16.    **Violation of PAGA.** Plaintiff sues under the California Labor Code Private Attorney General Act of 2004 (Labor Code § 2698, et seq.) ("PAGA"). (Ex. A, Compl. ¶ 1.) Plaintiff seeks penalties and attorneys' fees and costs. (*Id.*, prayer for relief.)

17.    Plaintiff has filed a purported class action seeking to represent: "All employees of Costco who at any time, within the applicable period of limitations, have been designated as member service and have, within California, been assigned to work either as a greeter or as an exit checker, and were not provided with a seat." (Ex. A, Comp. at ¶ 15.) Plaintiff alleges that she is an "aggrieved employee" entitled to seek civil PAGA penalties on behalf of the putative class. (*Id.* at ¶¶ 1, 11.) The statute of limitations for PAGA claims is one year. Cal. Civ. Proc. Code § 340(a); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) (holding PAGA statute of limitations is one year).

4

15892463v.3

18.     Costco has 26 pay periods per year. During the relevant period, between July 1, 2012 (one year before Plaintiff's complaint was filed) and August 2, 2013 (the date of removal), there have been 28 pay periods. Costco has 121 warehouses in California. At each warehouse, approximately eight employees perform member service duties at the entrance or exit. Accordingly, there are approximately 968 putative class members.

19.     Plaintiff alleges that all putative class members were not provided seats during the relevant period and thus seek PAGA penalties at a 100% violation rate. Exh. A, Compl. ¶ 4 ("As one enters a Costco warehouse, one is greeted by an employee who is standing near the entrance…"); ¶ 5 ("Costco employee stands near the exit and as members leave, checks their purchases against their receipts"); ¶ 10 ("Costco failed to provide [Plaintiff] and other member service employees who worked as greeters or as exit checkers with seats"); ¶ 13 ("Costco has failed to provide seats to its greeters … ."); ¶ 14 ("Costco has failed to provide its member service employees working as exit checkers with any form of seating."). *See, e.g., Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate.").

20.     PAGA provides for penalties of $100 for an initial violation in a pay period and $200 per pay period for each later violation. *See* Cal. Labor Code § 2699(f)(2). Here, where we have 968 putative class members, each allegedly suffering a seating violation in each pay period during the relevant PAGA period, the amount in controversy during the relevant PAGA period would exceed **$5,000,000** on the basis of potential penalties alone. The PAGA penalty per member service functionary would be $100 + (27 * $200) = $5,500. With 968 such employees on duty during an average pay period, the total PAGA penalty to date would be 968 * $5,500 = **$5,324,000**.[2] This figure will increase, of course, as more pay periods occur.

---

[2] Although PAGA pays a bounty of only twenty-five percent (25%) of total penalties to the aggrieved employee(s), while diverting 75% to the state Labor and Workforce Development Agency ("LWDA"), Lab. Code § 2699(i), recovery-sharing is irrelevant to the amount in controversy. *See Schiller v. David's Bridal, Inc.*, 2010 WL 279650, at *8 (E.D. Cal. Jul. 14, 2010) ("question is not how much Plaintiff or the class will ultimately recover; the amount in controversy is calculated based upon the amount put into controversy by the complaint, regardless of how the recovery is divided. Thus, it makes little difference whether the LWDA shares in the recovery—Plaintiff, by alleging PAGA penalties, has put 100% of the PAGA penalties in controversy.").

NOTICE OF REMOVAL BY DEFENDANT COSTCO WHOLESALE CORPORATION
CASE NO. _____

15892463v.3

21.     **Attorney's Fees.** Although the foregoing alone establishes by a preponderance of the evidence that the amount in controversy exceeds $5 million, attorney's fees are also recoverable for Plaintiff's claims, and thus must also be considered in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy). Fees could be as much as thirty percent of the judgment. See *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3d Cir. 2005) (noting finding by Federal Judicial Center of recovery ranging from 27% to 30% for class actions resolved or settled over a four-year period). Here, if one conservatively multiplies Plaintiff's PAGA penalty claim by 0.20, the result would be $5,324,000 * 0.20 = **$1,064,800**.

22.     Because diversity of citizenship exists (the Plaintiff being a citizen of the State of California and Costco being a citizen of the State of Washington), because the number of putative class members exceeds 100, and because the amount in controversy exceeds $5,000,000 ($5,324,000 + $1,064,800 = **$6,388,800**), this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(d)(2). This action is therefore proper for removal to this Court.

## INDIVIDUAL DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(A)(1)

23.     Even if viewed solely as a representative action, Plaintiff's PAGA claim would create original jurisdiction for this Court under 28 U.S.C. §1332(a), making the case independently removable under 28 U.S.C. §1441(a). The district court has original jurisdiction over this action because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen of a foreign State.

24.     As set forth above, the parties in this action are diverse as Plaintiff is a resident of California and, based on information and belief, is a citizen of California. Costco is a citizen of Washington.

25.     Because a PAGA claim is common and undivided among all aggrieved employees on whose behalf the plaintiff sues, PAGA penalties may be aggregated for purposes of calculating the amount in controversy. *Thomas v. Aetna Health of California, Inc.*, 2011 WL 2173715, at * 21 (E.D. Cal. Jun. 2, 2011) (PAGA claims are calculated by considering the PAGA penalties attributable to all

6

aggrieved employees, not the penalties attributable to the plaintiff alone).

26.    Thus, even were this PAGA case solely a representative action, the amount in controversy would still easily exceed the relevant jurisdictional threshold.

### SERVICE OF NOTICE OF REMOVAL AND EXHIBITS

27.    This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

28.    In compliance with 28 U.S.C. §1446(a), true and correct copies of all "process, pleadings, and orders served" upon or by Costco in the action are attached hereto as Exhibits A and B.

WHEREFORE, Costco requests that the above action pending before the Superior Court of the State of California for the County of Santa Clara be removed to the United States District Court for the Northern District of California.

DATED: August 2, 2013

SEYFARTH SHAW LLP

By: _Emily Schroeder_

David D. Kadue
William J. Dritsas
Emily Schroeder
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

7

15892463v.3

# EXHIBIT "A"

7/3 @2:30P

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Costco Wholesale Corporation and Does 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Liliana Canela, individually and on behalf of
all others similarly situated



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
ENDORSED
FILED
JUL - 1 2013
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
BY_____ DEPUTY
J. CAO-NGUYEN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Downtown Superior Court <br> 191 North First Street <br> San Jose, California 95113 | CASE NUMBER: <br> *(Número del Caso):* <br> **113CV248813** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin J. McInerney, 18124 Wedge Parkway #503, Reno, Nevada 89511 Tel: (775) 849-3811

| DATE: July 1, 2013 | DAVID H. YAMASAKI | Clerk, by | J. CAO-NGUYEN | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | Chief Executive Officer, Clerk | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Costco Wholesale Corporation and Does 1-10 inclusive

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

 CT Corporation

**Service of Process Transmittal**
07/03/2013
CT Log Number 523047846

TO:     John Sullivan, Corporate Counsel
        Costco Wholesale Corporation
        Legal Dept., 999 Lake Drive
        Issaquah, WA 98027-

RE:     **Process Served in California**

FOR:    Costco Wholesale Corporation (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Liliana Canela, Individually and on behalf of all others similarly situated, Pltf. vs. Costco Wholesale Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Santa Clara County - Superior Court, CA<br>Case # 113CV248813 |
| **NATURE OF ACTION:** | Employee Litigation - Plaintiff Alleges thst Costco Failed to Provide her and other vmember service employees who worked as greeters or as exit checkers with seats as required by section 14. by failing to provide seats Costco violated labor Code Section 1198 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/03/2013 at 16:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | 30 days after this summons and legal papers are served onyou |
| **ATTORNEY(S) / SENDER(S):** | Keven J. McInerney<br>18124 Wedge Parkway #503<br>Reno, NV 89511<br>775-849-3811 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/03/2013, Expected Purge Date: 07/08/2013<br>Image SOP<br>Email Notification, Nicola Merrett nmerrett@costco.com<br>Email Notification, Stephanie Gardner SGARDNER@COSTCO.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / JM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

(ENDORSED)    CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Kevin J. McInerney (46941)
18124 Wedge Parkway, #503
Reno, Nevada 89511

TELEPHONE NO.: (775) 849-3811    FAX NO.: (775) 849-3866
ATTORNEY FOR *(Name):* Liliana Canela

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Court

FOR COURT USE ONLY

**F I L E D**

JUL - 1 2013

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
BY_____ DEPUTY

J. CAO-NGUYEN

**CASE NAME:**
Liliana Canela v. Costco Wholesale Corporation and Does 1-10 inclusive

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 1 1 3 C V 2 4 8 8 1 3 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 1, 2013

Kevin J. McInerney
_____
(TYPE OR PRINT NAME)

By Fax

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1  KEVIN J. McINERNEY (46941)
   kevin@mcinerneylaw.net
2  18124 Wedge Parkway #503
   Reno, Nevada 89511
3  Tel: 775-849-3811
   Fax: 775-849-3866
4  *Attorney for Plaintiff*

5

6

7

8

9

10

**(ENDORSED)**

# FILED

JUL - 1 2013

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
BY_____DEPUTY

**J. CAO-NGUYEN**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SANTA CLARA

|  |  |
|---|---|
| LILIANA CANELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. **113CV248813**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LABOR CODE SECTION 2698 *ET SEQ.*)**<br><br>**By Fax** |

11

12

13

14

15

16

17

18

19

20

21

22

THIS IS A CLASS AND REPRESENTATIVE ACTION

23

24

25

26

27

28

1

CLASS ACTION COMPLAINT

1.     Plaintiff Liliana Canela, individually and on behalf of all others similarly situated, states this is a class action and representative action for the recovery of civil penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA"). PAGA (Cal. Labor Code Section 2698 et seq.) allows an "aggrieved employee" to bring a suit on behalf of herself and other current and former employees in order to address violations of the California Labor Code.

2.     Plaintiff, Liliana Canela, is an individual residing in the County of Santa Clara, California. Within the past year, Plaintiff has been employed by the defendant Costco Wholesale Corporation at its warehouse located on Coleman Avenue in San Jose, California.

3.     Defendant Costco Wholesale Corporation ("Costco") is a corporation doing business throughout California. It is a nationwide retail chain operation selling household items to the general public. It is believed that there are one hundred Costco stores in operation throughout California.

4.     Pre-filing investigation by plaintiff's counsel reveals that Costco stores ("warehouses") throughout California are similar in layout in that they are large, rectangular buildings. At or near the front there is a wide entrance lane and, across a divider, a wide exit lane. As one enters a Costco warehouse, one is greeted by an employee who is standing near the entrance, who checks to see if the person entering is a Costco member. Persons entering the stores are expected to display a Costco membership card. Employees who perform this greeter function are called "member service".

5.     Similarly, Costco stores throughout California check members' purchases upon leaving the store. Typically a Costco employee stands near the exit and as members leave, checks their purchases against their register receipt. At busy times, a second employee may be assigned to assist in checking members out of the store. Like the greeter, employees who perform this exit checker function are also referred to as "member service".

6.     Venue is proper in this judicial district because at least some of the alleged wrongdoing occurred in this district, the defendant was doing business in this district, and the Plaintiff was employed in this district.

7.     Plaintiff does not know the names of those defendants sued as DOES 1 through 10,

1   but will amend this complaint when she learns those names.  Plaintiff alleges, on information and

2   belief, that each of the DOE defendants is the agent, representative, successor, affiliate, officer,

3   director, employee, co-conspirator, or alter ego of each of the other defendants and is in some

4   manner responsible for the wrongdoing alleged herein.  For the purposes of this complaint, all the

5   defendants are collectively referred to as "Costco".

6                                    FIRST CAUSE OF ACTION

7        8.    Plaintiff incorporates by reference the allegations set forth above.

8        9.    California Labor Code Section 1198 makes it illegal to employ an employee under

9   conditions of labor that are prohibited by the applicable wage order. The applicable wage order in

10  this case is Wage Order 7-2001, Section 14. Section 14 provides as follows:

11           14. SEATS

12           (A) All working employees shall be provided with suitable seats

13           when the nature of the work reasonably permits the use of seats.

14           (B) When employees are not engaged in the active duties of their

15           employment and the nature of the work requires standing, an

16           adequate number of suitable seats shall be placed in reasonable

17           proximity to the work area and employees shall be permitted to use

18           such seats when it does not interfere with the performance of their

19           duties.

20       10.   Plaintiff alleges that Costco failed to provide her and other member service

21  employees who worked as greeters or as exit checkers with seats as required by Section 14. By

22  failing to provide seats Costco violated Labor Code Section 1198.

23       11.   Plaintiff alleges she is an aggrieved employee and that other member service

24  employees who performed greeter and/or exit checker work are also aggrieved employees. A

25  violation of Labor Code Section 1198 provides a private right of action under PAGA to recover

26  civil penalties.

27       12.   Prior to filing this action, Plaintiff provided notice to the California Labor

28  Workforce Development Agency and to Costco by certified mail (see **Exhibit A** and **Exhibit B**).

1   Although several months have elapsed since notice was provided the Labor Workforce
2   Development Agency has not responded and has not indicated that it intends to investigate
3   Plaintiff's allegations.

4        13.   Within the past year, Plaintiff has worked as both a member service greeter and as a
5   member service exit checker. With respect to the greeter position, that function could easily be
6   performed while seated. The entry area is spacious and there is certainly adequate room to provide
7   a seat for a member service employee. There is nothing in the basic role of checking that persons
8   entering the store are Costco members that would preclude the use of a seat. The entry area is
9   large enough that almost any type of seat could be utilized, either alone or in conjunction with a
10  desk or a counter. Although there is plenty of room and a seat would not interfere with the work of
11  checking membership, Costco has failed to provide seats to its greeters and this is in violation of
12  Section 14(A) of the Wage Order 7-2001.

13       14.   With respect to member service employees working as exit checkers, the area in
14  which they work is quite large and could accommodate seats. The area is generous enough that it
15  could accommodate either seats or desks or counters with seating. While the work of an exit
16  checker requires that the member service employee stand to inspect goods in the shopping basket
17  or flatbed cart, there are other times when these employees are not required to move, and there are
18  certainly times when there is a lull in activity at the exit. During all such times the member service
19  employees could be seated. For the member service workers working as exit checkers, both
20  subsection (A) and subsection (B) of Section 14 of the Wage Order are implicated. Despite the
21  fact that there is adequate room for seats in the exit area and certainly nearby, Costco has failed to
22  provide its member service employees working as exit checkers with any form of seating.

23       15.   The Plaintiff seeks to represent a class defined as follows: "All employees of
24  Costco who at any time, within the applicable period of limitations, have been designated as
25  member service and have, within California, been assigned to work either as a greeter or as an exit
26  checker, and were not provided with a seat."

27       16.   Plaintiff believes that the proposed class is an ascertainable one because work
28  schedules will indicate those Costco employees assigned to work as greeters or exit checkers.

1   Beyond that, the employees themselves certainly know the duties assigned to them during the
2   relevant period. The number of class members is believed to be three hundred. Their claims
3   present an overriding common factual issue and that is whether the work performed would have
4   permitted a use of a seat (subsection A) and whether a seat nearby was useable doing lull periods
5   (subsection B). The Plaintiff and the other aggrieved employees were subject to Costco's common
6   policy and Costco's practice of failing to provide seats.

7      17.    Plaintiff and other aggrieved employees are entitled to civil penalties as provided
8   by Labor Code 2699(f) plus reasonable attorney fees and costs.

9                                    PRAYER

10     Plaintiff requests entry of judgment, on behalf of herself and the other aggrieved employee
11  class members, against each defendant, jointly and severally, as follows:

12         1.   Civil penalties pursuant to the California Labor Code;

13         2.   For reasonable attorneys' fees and costs of suit;

14         3.   For such other relief that the Court deems proper.

15

16  Dated: July 1, 2013

17

18                                    KEVIN J. McINERNEY
                                      Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

EXHIBIT A

**KEVIN J. McINERNEY, ESQ.**
18124 Wedge Parkway, Ste. 503
Reno, NV 89511
Phone: (775) 849-3811 | Fax: (775) 849-3866
California Bar No. 46941 | New York Bar No. 3541463

February 12, 2013

*Via Certified Mail*
*Return Receipt Requested*

California Labor & Workforce
Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

      Re: **California Labor Code Section 2699.3 Notice**

Dear Sir or Madam:

      I represent Liliana Canela. She is a long time employee of Costco Wholesale Corporation and is currently employed by Costco. She is employed at the Costco warehouse located on Coleman Avenue in San Jose, California. Within the past year Ms. Canela has worked at this store in what Costco refers to as "member service".

      Employees engaged in "member service" are assigned to work at the customer entrance/exit area of the store. Typically one member service employee is stationed at the entrance and greets customers as they enter the store. This employee checks to make sure that the person entering has a Costco membership card. While the work of this employee could be performed while seated Costco has not and does not provide seats to member service employees who are assigned to work the door in this capacity. The entry area is large and there is certainly room for a seat. It is submitted that this is a violation of Section 14(A) of Wage Order 7-2001 and a civil action may be brought pursuant to Labor Code 2698 et. seq., the Private Attorneys General Act of 2004 (PAGA).

      The plaintiff has worked in the foregoing capacity for the past year, but has also been assigned as a member services employee to work the customer exit side of the store. Member service employees working in that capacity primarily check customers leaving the store to make sure that goods being carried out correspond to the person's register receipt. This work sometimes requires the employee to stand and inspect goods in shopping baskets or on flatbed carts. At other times, however, there are periods when these employees are not required to move or stand around and there are yet other times when there are lulls at the exits. At the exit area there is plenty of space to provide a seat but again Costco has failed to do so. Accordingly, both subsection (A) and subsection (B) of Wage Order Section 14 are implicated.

The complete text of Wage Order 7-2001 with respect to seats is as follows:

14. SEATS

(A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

(B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

This letter is sent to your office pursuant to Labor Code section 2699.3(a). A copy of this letter has been sent by certified mail to Costco and to the attorney representing Costco. Please advise the undersigned of your intentions.

Very truly,

Kevin J. McInerney

KJM/km

CC:   Costco Corporate Offices & Headquarters
      999 Lake Drive
      Issaquah, WA 98027
      *Certified Mail Return Receipt Requested*

      David Kadue
      Seyfarth Shaw, LLP
      2029 Century Park East, Suite 3500
      Los Angeles, CA 90067-3021
      *Certified Mail Return Receipt Requested*

EXHIBIT B

**KEVIN J. MCINERNEY, ESQ.**
18124 Wedge Parkway, Ste. 503
Reno, NV 89511
Phone: (775) 849-3811 | Fax: (775) 849-3866
California Bar No. 46941 | New York Bar No. 3541463

February 13, 2013

*Via Certified Mail*
*Return Receipt Requested*

California Labor & Workforce
Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Re: California Labor Code Section 2699.3 Notice

Dear Sir or Madam:

Reference is made to my letter of February 12, 2013, a copy of which is attached for your convenience. In reviewing that letter, I find it appropriate to clarify that Ms. Canela seeks to pursue her grievance, not only on her own behalf, but on behalf of other employees of Costco Wholesale Corporation. In other words, she asserts that the employer's failure to provide seats applied and continues to apply not only to her but to other Costco employees throughout California who have been assigned to work performing "member service" at the entrance/exit area of California stores. Thus, it is our client's intention to file a civil complaint for PAGA penalties on her own behalf and behalf of those other aggrieved employees should the LWDA not pursue this violation

Should you have any questions or wish any further clarification, please feel free to contact the undersigned.

Sincerely,

Kevin J. McInerney

KJM/km

CC:    Costco Wholesale Corporation
        999 Lake Drive
        Issaquah, WA 98027
        *Certified Mail Return Receipt Requested*

        David Kadue
        Seyfarth and Shaw LLP
        2029 Century Park East, Suite 3500
        Los Angeles, CA 90067-3021
        *Certified Mail Return Receipt Requested*

**KEVIN J. MCINERNEY, ESQ.**
18124 Wedge Parkway, Ste. 503
Reno, NV 89511
Phone: (775) 849-3811 | Fax: (775) 849-3866
California Bar No. 46941 | New York Bar No. 3541463

February 12, 2013

*Via Certified Mail*
*Return Receipt Requested*

California Labor & Workforce
Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Re: California Labor Code Section 2699.3 Notice

Dear Sir or Madam:

I represent Liliana Canela. She is a long time employee of Costco Wholesale Corporation and is currently employed by Costco. She is employed at the Costco warehouse located on Coleman Avenue in San Jose, California. Within the past year Ms. Canela has worked at this store in what Costco refers to as "member service".

Employees engaged in "member service" are assigned to work at the customer entrance/exit area of the store. Typically one member service employee is stationed at the entrance and greets customers as they enter the store. This employee checks to make sure that the person entering has a Costco membership card. While the work of this employee could be performed while seated Costco has not and does not provide seats to member service employees who are assigned to work the door in this capacity. The entry area is large and there is certainly room for a seat. It is submitted that this is a violation of Section 14(A) of Wage Order 7-2001 and a civil action may be brought pursuant to Labor Code 2698 et. seq., the Private Attorneys General Act of 2004 (PAGA).

The plaintiff has worked in the foregoing capacity for the past year, but has also been assigned as a member services employee to work the customer exit side of the store. Member service employees working in that capacity primarily check customers leaving the store to make sure that goods being carried out correspond to the person's register receipt. This work sometimes requires the employee to stand and inspect goods in shopping baskets or on flatbed carts. At other times, however, there are periods when these employees are not required to move or stand around and there are yet other times when there are lulls at the exits. At the exit area there is plenty of space to provide a seat but again Costco has failed to do so. Accordingly, both subsection (A) and subsection (B) of Wage Order Section 14 are implicated.

The complete text of Wage Order 7-2001 with respect to seats is as follows:

14. SEATS
    (A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.
    (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

    This letter is sent to your office pursuant to Labor Code section 2699.3(a). A copy of this letter has been sent by certified mail to Costco and to the attorney representing Costco. Please advise the undersigned of your intentions.

Very truly,

Kevin J. McInerney

KJM/km

CC:    Costco Corporate Offices & Headquarters
    999 Lake Drive
    Issaquah, WA 98027
    *Certified Mail Return Receipt Requested*

    David Kadue
    Seyfarth Shaw, LLP
    2029 Century Park East, Suite 3500
    Los Angeles, CA 90067-3021
    *Certified Mail Return Receipt Requested*

# EXHIBIT "B"

1    KEVIN J. McINERNEY (46941)
     kevin@mcinerneylaw.net
2    18124 Wedge Parkway #503
     Reno, Nevada 89511
3    Tel:  775-849-3811
     Fax: 775-849-3866
4    *Attorney for Plaintiff*

5

6

7

8                                                    **E-FILED**
     SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                                                    Jul 31, 2013 3:54 PM
                                                     David H. Yamasaki
        IN AND FOR THE COUNTY OF SANTA CLARA         Chief Executive Officer/Clerk
10                                                   Superior Court of CA, County of Santa Clara
     LILIANA CANELA, individually and on             Case #113-CV-248813 Filing #G-55978
11   behalf of all others similarly situated,    CASE NO. 113-CV-248813
                                                     By R. Walker, Deputy
12                    Plaintiff,                 **PROOF OF SERVICE**

13   vs.

14   COSTCO WHOLESALE CORPORATION
     and DOES 1 through 10, inclusive,
15
                      Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28
                                    1

1   I, the undersigned, declare as follows:

2   I am employed in the County of Washoe, State of Nevada.  I am over the age of eighteen (18)
    years and not a party to the within action; and that my business address is 18124 Wedge Parkway,
3   #503, Reno Nevada, 89511.  On July 18, 2013, I served the foregoing document(s) described as:

4       **1.  CIVIL LAWSUIT NOTICE**

5       **2.  ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION SHEET**

6       **3.  ORDER DEEMING CASE COMPLEX**

E-FILED Jul 31, 2013 3:54 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55978
7   on all interested parties in this action addressed to the addressee as follows:

8   Costco Wholesale Corporation Agent for Service of Process:
    CT Corporation System
9   818 West Seventh Street
    Los Angeles, California 90017
10

11  <u>XX</u>    **By U.S. Mail**- The sealed envelope with postage thereon fully prepaid was placed for
    collection and mailing following ordinary business practices.  I am aware that on motion of the
12  party served, service is presumed invalid if the postage cancellation date or postage meter date on
    the envelope is more than one day after the date of deposit for mailing set forth in this declaration.
13  I am readily familiar with the practice for collection and processing of documents for mailing with
    the United States Postal Service the same day as the day of collection in the ordinary course of
14  business.

15          I declare under penalty of perjury under the laws of the United States of America that the
    above is true and correct.  Executed on July 18, 2013 at Reno, Nevada.
16

17                          _____
                            Kember Murphy
18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **1 1 3 C V 2 4 8 8 1 3**

### PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,**
**you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

*Your Case Management Judge is:* Honorable James Kleinberg _____ *Department:* 1 ____

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

   Date: 11· 1· 13 _____ *Time:* 10:00AM in Department: 1 ____

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

   Date: _____ *Time:* _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court                                   Santa Clara County DRPA
Coordinator                                                         408-792-2784
ADR Administrator
408-882-2530

---

**E-FILED**

Jul 11, 2013 1:05 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-13-CV-248813 Filing #G-55480
By R. Walker, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| LILIANA CANELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 1-13-CV-248813<br><br>**ORDER DEEMING CASE COMPLEX**<br><br>**Complaint Filed:** July 1, 2013<br><br>**Judge:** Hon. James P. Kleinberg<br>**Dept:** 1 (Complex Civil Litigation) |

WHEREAS, the Complaint was filed by Plaintiff LILIANA CANELA ("Plaintiff") in the Superior Court of California, County of Santa Clara, on July 1, 2013 and assigned to Department 1 (Complex Civil Litigation), the Honorable James P. Kleinberg presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including

*Canela v. Costco Wholesale Corporation*
*Superior Court of California, County of Santa Clara, Case No. 1-13-CV-248813*
*Order Deeming Case Complex*

E-FILED: Jul 11, 2013 1:05 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55480

1   discovery and trial, to Department 1 (Complex Civil Litigation), the Honorable James P.

2   Kleinberg presiding.

3       The parties are directed to the Electronic Filing and Service Standing Order and to the

4   Guidelines for the Complex Civil Litigation Department, copies of which may be downloaded

5   from www.scefiling.org.

6       All parties are hereinafter ordered to submit to the Court's E-Filing website digital

7   copies of all documents that were previously manually filed prior to the entry of this Order.

8       Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the

9   Master Service List shall be under the auspices of (1) Plaintiff LILIANA CANELA, as the

10  first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if

11  any.

12      Pursuant to Government Code section 70616(c), each party's complex case fee is due

13  within ten (10) calendar days of this date.

14      Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of

15  service within seven (7) days of service.

16      Any party objecting to the complex designation must file an objection and proof of

17  service within ten (10) days of service of this Order.  Any response to the objection must be

18  filed within seven (7) days of service of the objection.  The Court will make its ruling on the

19  submitted pleadings.

20      The Case Management Conference remains set for **November 1, 2013 at 10:00 a.m. in**

21  **Department 1** and all counsel are ordered to attend in person.

22      Counsel for all parties are ordered to meet and confer in person at least 15 days prior to

23  the First Case Management Conference and discuss the following issues:

24      1. Issues related to recusal or disqualification;

25      2. Issues of law that, if considered by the Court, may simplify or further resolution of

26         the case, including issues regarding choice of law;

27      3. Appropriate alternative dispute resolution (ADR), for example, mediation,

28         mandatory settlement conference, arbitration, mini-trial;

*Canela v. Costco Wholesale Corporation*
*Superior Court of California, County of Santa Clara, Case No. 1-13-CV-248813*
*Order Deeming Case Complex*
      2

E-FILED: Jul 11, 2013 1:05 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55480

4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;

5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed fifteen calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;

3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4. Applicability and enforceability of arbitration clauses, if any;

5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);

6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;

E-FILED: Jul 11, 2013 1:05 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55480

7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings.

*Canela v. Costco Wholesale Corporation*
*Superior Court of California, County of Santa Clara, Case No. 1-13-CV-248813*
*Order Deeming Case Complex*

4

E-FILED: Jul 11, 2013 1:05 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55480

1    This Order shall not preclude the parties from continuing to informally exchange documents

2    that may assist in their initial evaluation of the issues presented in this Case.

3             Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

4             SO ORDERED.

5

6    Dated: 7/11/13

7                                                    Honorable James P. Kleinberg
                                                     Judge of the Superior Court
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Canela v. Costco Wholesale Corporation*
*Superior Court of California, County of Santa Clara, Case No. 1-13-CV-248813*
*Order Deeming Case Complex*

5

E-FILED: Jul 11, 2013 1:05 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55480

## GUIDELINES FOR MOTIONS RELATING TO CLASS CERTIFICATION

## DEPARTMENT 1 – COMPLEX CIVIL LITIGATION

The party moving for or against class certification must present in the moving papers admissible evidence, as required by applicable law, establishing that the elements for certification are, or are not, present.

All facts other than purely rebuttal matters upon which the moving party will rely in the hearing must be set out in evidence submitted with the notice of motion and moving papers.

Each party should address all elements relevant to deciding the appropriateness of class certification. The list of elements set forth below is offered by the Court as a general summary and is not intended to supplant substantive law.

1. Commonality and Predominance
   a. The class definition, including a statement of criteria that putative class members must possess to be eligible for class membership
   b. A description/definition of proposed subclasses, if any
   c. Those issues of law which are common to all class members
   d. Those issues of law which are unique to one or more class members but which must be presented at trial. In describing these unique issues of law, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   e. Whether, and if so how, common issues of law predominate
   f. Those issues of fact which are common to all class members
   g. Those issues of fact which are unique to one ore more class members but which must be presented at trial. In describing these unique issues of fact, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   h. Whether, and if so how, common issues of fact predominate
   i. Conflicts, if any, between class members
2. Ascertainability
   a. The manner in which and the time when the individual class members will be identified if such identification is contemplated
3. Numerosity
   a. The approximate number of persons in the class, and if there are subclasses, the approximate number of persons in each subclass
   b. The basis for the above approximations
   c. The general geographic location[s] of the class members. If the class is not confined to the state of California, the description should include those locations outside California where class members are located
   d. Whether, and if so why, joinder is impracticable
4. Typicality
   a. Why the claims and status of each of the proposed class representative[s] are typical of those of the proposed class or of the proposed subclass

E-FILED: Jul 11, 2013 1:05 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55480

       b.  Factual and/or legal differences, if any, in the representative's status as a class member and those of any other persons within the class. If there are subclasses, a factual statement of the subclass of which the representative is a member

       c.  Unique legal and/or factual issues, if any, pertaining to the representative[s] which must be litigated

       d.  Conflicts, if any, between the class representative[s] and the class members

5.  Adequacy

       a.  The adequacy of class counsel, including the ability of class counsel to represent class members with conflicting claims or interest

       b.  The adequacy of the class representative[s], including the ability of the class representative[s] to serve as fiduciaries for class members with conflicting or inconsistent claims or interests

       c.  The issues of law and/or fact which must be litigated between class members

6.  Substantial Benefits/Superiority

       a.  Procedures alternative to a class action which might be used to adjudicate the issues involved in the action

       b.  Why a class action is, or is not, procedurally superior to each alternative procedure, unless superiority is not an element of certifying that cause of action, including a discussion of the ability of the Court to manage the alternative proceedings in relation to its ability to manage the conduct of the class action

       c.  Whether there are substantial benefits to the Court, the parties, and/or the public to proceeding as a class action

7.  Notice

       a.  Counsel requesting class certification should provide specifics regarding necessary notice to class members and the methods proposed for giving notice.

1  SEYFARTH SHAW LLP
   Kenwood C. Youmans (SBN 68258)
2  kyoumans@seyfarth.com
   David D. Kadue (SBN 113578)
3  dkadue@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California  90067
   Telephone:     (310) 277-7200
5  Facsimile:      (310) 201-5219

6  SEYFARTH SHAW LLP
   Emily Schroeder (SBN 274257)
7  eschroeder@seyfarth.com
   333 S. Hope Street, Suite 3900
8  Los Angeles, California  90071
   Telephone:     (213) 270-9600
9  Facsimile:      (213) 270-9601

10 Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

11

**E-FILED**

Jul 31, 2013 4:10 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-13-CV-248813 Filing #G-55972
By M. Huerta, Deputy

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          COUNTY OF SANTA CLARA

14

15 LILIANA CANELA, individually and on behalf of       Case No. 113CV248813
   all others similarly situated,
16                                                      **COSTCO'S ANSWER TO CLASS ACTION**
                  Plaintiff,                            **COMPLAINT FOR VIOLATION OF THE**
17                                                      **LABOR CODE PRIVATE ATTORNEYS**
        v.                                              **GENERAL ACT OF 2004**
18
   COSTCO WHOLESALE CORPORATION and                     **(Cal. Lab. Code Section 2689, *et seq.*)**
19 DOES 1 through 10, inclusive,
                                                        Judge:       Hon. James Kleinberg
20                Defendants.                           Dept.:        1 (Complex Civil Litigation)
                                                        Complaint Filed:    July 1, 2013
21

22       Defendant Costco Wholesale Corporation ("Defendant") hereby responds to the unverified

23 Complaint filed by Liliana Canela ("Plaintiff") as follows:

24

25

26

27

28

───────────────────────────────────────────
                         ANSWER TO COMPLAINT
15928043v.1

E-FILED: Jul 31, 2013 4:10 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55972

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally denies each and every allegation and cause of action contained in Plaintiff's Complaint. In further answer to the Complaint and without limiting the generality of the foregoing, Defendant denies that Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendant.

**SEPARATE DEFENSES**

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law.

**FIRST DEFENSE**

The Complaint and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which any relief may be granted.

**SECOND DEFENSE**

The Complaint and each purported cause of action alleged therein is barred to the extent Plaintiff failed to exhaust her contractual and/or administrative remedies, as specified in California Labor Code section 2699.3, before filing the Complaint.

**THIRD DEFENSE**

The Complaint and each purported cause of action alleged therein is barred on the grounds that the nature of the work that Plaintiff engaged in while employed by Defendant does not reasonably permit the use of seats.

**FOURTH DEFENSE**

To the extent Plaintiff or others she purports to represent were parties to a collective bargaining agreement, the Complaint and each purported cause of action alleged therein is barred on the grounds that it is preempted by the National Labor Relations Act.

**FIFTH DEFENSE**

The Complaint and each purported cause of action alleged therein is barred to the extent Plaintiff cannot allege facts showing Defendant required or requested Plaintiff or any employee to work without seating in accordance with an applicable order of the California Industrial Welfare Commission.

2

15928043v.1

E-FILED: Jul 31, 2013 4:10 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55972

1

**SIXTH DEFENSE**

2      The Complaint and each purported cause of action alleged therein is barred because the

3   California Private Attorneys General Act ("PAGA") authorizes private counsel to represent the public

4   absent procedural safeguards required by the California Supreme Court to ensure neutrality and

5   therefore violates the separation of powers guaranteed by the California Constitution.

6

**SEVENTH DEFENSE**

7      The Complaint and each purported cause of action alleged therein is barred because allowing

8   Plaintiff to bring a representative action under PAGA violates Defendant's right to due process.

9

**EIGHTH DEFENSE**

10      The Complaint and each purported cause of action alleged therein is barred, in whole or in part,

11   by the equitable doctrine of estoppel.

12

**NINTH DEFENSE**

13      The Complaint and each purported cause of action alleged therein is barred, in whole or in part,

14   by the equitable doctrine of waiver.

15

**TENTH DEFENSE**

16      The Complaint and each purported cause of action alleged therein is barred, in whole or in part,

17   because Defendant at all relevant times, acted reasonably, justifiably, lawfully and in good faith based

18   on all relevant facts and circumstances known by Defendant.

19

**ELEVENTH DEFENSE**

20      The Complaint and each purported cause of action alleged therein is barred, in whole or in part,

21   by the doctrine of unclean hands.

22

**TWELFTH DEFENSE**

23      The Complaint and each purported cause of action alleged therein is barred, in whole or in part,

24   by the doctrine of laches.

25

**THIRTEENTH DEFENSE**

26      The Complaint and each purported cause of action alleged therein is barred, in whole or in part,

27   because any alleged actions and/or omissions attributable to Defendant were justified and/or excused.

28

3

ANSWER TO COMPLAINT

E-FILED: Jul 31, 2013 4:10 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55972

## FOURTEENTH DEFENSE

The Complaint and each purported cause of action alleged therein is barred pursuant to an accord and satisfaction, and/or to the extent that Plaintiff or any purported class member has entered into or is otherwise bound by compromise, settlement, or release agreements regarding their claims.

## FIFTEENTH DEFENSE

The penalties claimed in the Complaint, as applied to Plaintiff and all others she purports to represent by this action, are excessive and therefore violate Defendant's Constitutional rights.

## SIXTEENTH DEFENSE

Plaintiff's representative allegations are barred to the extent there is a potential for harm or that Plaintiff is not a competent plaintiff and is not bringing the action for the benefit of injured third parties.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she has failed to file this action within the applicable statutes of limitation specified by the California Code of Civil Procedure, including, but not limited to, section 340.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred or her relief is limited to the extent she could have taken reasonable steps to avoid the consequences of any alleged unlawful conduct by Costco.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by her Complaint and it be dismissed with prejudice;

2.     For costs of suit incurred herein; and

3.     For such other and further relief as this Court deems just and proper.

DATED: July 31, 2013                                   SEYFARTH SHAW LLP


                                                       By: _Emily E Schroeder_
                                                           David D. Kadue
                                                           Emily Schroeder
                                                       Attorneys for Defendant
                                                       COSTCO WHOLESALE CORPORATION

4

ANSWER TO COMPLAINT

15928043v.1

E-FILED Jul 31, 2013 4:10 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55972

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA          )
                                    )    ss

3

COUNTY OF LOS ANGELES    )

4

5      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 333 South Hope Street, Suite 3900, Los Angeles, California 90071.  On July 31, 2013, I served the within documents:

6

7     **COSTCO'S ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004**

8

9

10

11

☐   I sent such document from facsimile machine (310) 201-5219 on July 31, 2013.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

12

13

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

14

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

15

16

17

☐   by placing the document(s) listed above, together with a unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below for delivery the next business day.

18

☒   Electronically by using the Court's Electronic Filing System.

19

20

21

Kevin J. McInerney                   Telephone: (775) 849-3811
18124 Wedge Parkway              Facsimile: (775) 849-3866
Suite 503                                 kevin@mcinerneylaw.net
Reno, Nevada 89511

22

23

24

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

25

26

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on July 31, 2013, at Los Angeles, California.

27

28

                                             _____

                                                     Sheila Owens

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

# E-FILED

Jul 31, 2013 4:10 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-13-CV-248813 Filing #G-55972
By M. Huerta, Deputy

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| LILIANA CANELA, individually and on behalf of all others similarly situated, Plaintiff, | Canela v. Costco Wholesale Corporation |
| Plaintiff, | Lead Case No.1-13-CV-248813 |
| vs. | Hon. James P. Kleinberg |
| COSTCO WHOLESALE CORPORATION and DOES 1 through 10, inclusive, Defendants. | |
| Defendant. | |
| AND RELATED ACTIONS | PROOF OF SERVICE<br>Electronic Proof of Service |

I am employed in the County of Alameda, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure Street, Oakland, CA 94609.

The documents described on page 2 of this Electronic Proof of Service were submitted via the worldwide web on Wed. July 31, 2013 at 2:43 PM PDT and served by electronic mail notification.

I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described document's electronic service in the following manner:

The document was electronically filed on the Court's website, http://www.scefiling.org, on Wed. July 31, 2013 at 2:43 PM PDT

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties on the electronic service list maintained for this case. The message identified the document and provided instructions for accessing the document on the worldwide web.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 31, 2013 at Oakland, California.

Dated: July 31, 2013                    For WWW.SCEFILING.ORG

                                        Andy Jamieson

E-FILED: Jul 31, 2013 4:10 PM, Superior Court of CA, County of Santa Clara, Case #1-13-CV-248813 Filing #G-55972

**THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG**

**Electronic Proof of Service**
**Page 2**

**Document(s) submitted by Emily Schroeder of Seyfarth Shaw LLP on Wed. July 31, 2013 at 2:43 PM PDT**

1. Complex Answer: COSTCO'S ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                                          ) ss
COUNTY OF LOS ANGELES     )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California 90071. On August 2, 2013, I served the within document(s):

**NOTICE OF REMOVAL BY DEFENDANT COSTCO WHOLESALE
CORPORATION**

☐   I sent such document from facsimile machines (213) 270-9601 on August 2, 2013.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐   electronically by using the Court's ECF/CM System.

Kevin J. McInerney                  Telephone: (775) 849-3811
18124 Wedge Parkway              Facsimile: (775) 849-3866
Suite 503                            kevin@mcinerneylaw.net
Reno, Nevada 89511

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 2, 2013, at Los Angeles, California.

_____
Sheila Owens

15958178v.1