UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA CANELA,<br><br>        Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>        Defendants. | Case No.13-cv-03598-BLF (SVK)<br><br>**ORDER ON JOINT DISCOVERY DISPUTE RE PLAINTIFF'S INTERROGATORY NO. 22**<br><br>Re: Dkt. No. 51 |

This case involves claims by Plaintiff under California's Private Attorneys General Act ("PAGA"), California Labor Code Section 2698 *et seq.* Before the Court is the parties' Joint Statement Regarding Discovery Dispute Regarding Plaintiff's Interrogatory No. 22. ECF 51. Plaintiff seeks an order compelling Defendant Costco Wholesale Corporation ("Defendant" or "Costco") to respond to Interrogatory No. 22, which asks Costco to "state the phone numbers of 5,000 California Costco members, selected by the Defendant (and preferably at random) who have been members at any time between January 1, 2016 and present for purposes of a telephonic survey by the Plaintiff. The names of the members are not requested, and any survey performed by the Plaintiff will not request members' names." *Id.* at 1.

Plaintiff argues that the information sought in Interrogatory No. 22 is relevant to her PAGA claim that Defendant should have provided seats to its employees who worked as greeters at the entrances of all of its California warehouses. According to Plaintiff, the California Supreme Court has identified the defendant's business judgment that its employees should be standing rather than seated as one factor in deciding whether a seat is mandatory. *Id.* Plaintiff states that in

support of its recent motion for partial summary judgment, Costco submitted declarations of employees who stated that Costco customers could be disapproving if the door greeters were given seats, and that Costco's Rule 30(b)(6) deponents have testified that a standing greeter is required to meet Costco's standards of customer service. *Id.* at 2. Plaintiff argues that the information sought in Interrogatory No. 22 is necessary to enable it to test Costco's assertions. *Id.*

Costco argues that phone numbers of Costco members statewide are not relevant because of Costco's pending motion for partial summary judgment, which argues that this must proceed as a single-plaintiff case. Costco argues that Plaintiff's "customer-survey evidence potentially relevant to that limited case should focus on the locations where she herself has worked." *Id.* at 3. Costco also argues that the interrogatory seeks private, personally identifying information about Costco members. *Id.*

The Court acknowledges that Costco has a motion for partial summary judgment pending before the District Judge that may narrow the scope of the case. However, at this time, the scope of discovery is defined by the allegations of the Complaint. On balance, the Court finds the information sought relevant and proportional to the needs of the case, given that the burden on Costco of providing the information is minimal, member names are not sought, and there is a protective order in place. Accordingly, Costco is ordered to supplement its response to Interrogatory No. 22 no later than May 7, 2018. Costco must designate its response "Confidential" under the protective order in this case, and Plaintiff may use the information only for purposes of conducting the customer survey identified in the parties' Joint Statement.

**SO ORDERED.**

Dated: May 1, 2018

SUSAN VAN KEULEN
United States Magistrate Judge