UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA CANELA,<br><br>  Plaintiff,<br><br> v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>  Defendants. | Case No. 13-cv-03598-BLF (SVK)<br><br>**ORDER ON JOINT STATEMENT REGARDING DISCOVERY DISPUTE OVER PLAINTIFF'S THIRD SUPPLEMENTAL DISCLOSURES**<br><br>Re: Dkt. No. 58 |

Before the Court is the parties' Joint Statement regarding a discovery dispute over Plaintiff's Third Supplemental Disclosures. ECF 58. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument.

The cutoff for fact discovery in this PAGA suitable seating case was May 3, 2018. One day prior to the cutoff, Plaintiff served Second Supplemental Disclosures, identifying 15 additional witnesses. Defendant Costco states that from the description of the witnesses' knowledge, it assumed they were current or former Costco employees. It appears that each party in this case has disclosed hundreds of witnesses, so naturally the parties have elected not to depose many witnesses disclosed by the other side.

On May 14, 2018—11 days after the fact discovery cutoff—Plaintiff served Third Supplemental Disclosures, enclosing reports tracking work performed at entrance doors at 30 Costco warehouse. Costco initially assumed that these reports were expert-related and that it would have an opportunity to depose Plaintiff's experts about the reports. Costco later learned that these reports were created by six fact witnesses that were among the witnesses disclosed in Plaintiff's Second Supplemental Disclosures on May 2, 2018. Costco has requested an opportunity to take one-hour telephonic depositions of each of these six witnesses.

Plaintiff opposes Costco's request to depose the six fact witnesses on several grounds. First, Plaintiff argues that it has not deposed all of the witnesses identified in Costco's disclosures, and thus Costco should not be given an opportunity to depose the six witnesses at issue. This argument does not help Plaintiff. Costco is not seeking to depose all witnesses disclosed by Plaintiff, only the six witnesses disclosed the day before the discovery cutoff who were involved in the preparation of late-disclosed reports that Plaintiff presumably plans to use at trial. ECF 58 at 3:6-8.

Second, Plaintiff argues that "there is really no need for depositions" because Costco has sufficient information to cross-examine the witnesses at trial. It is not for Plaintiff to make the strategic decision as to whether Costco should cross-examine the witnesses at trial without the benefit of deposition testimony.

Third, Plaintiff complains that these six depositions cannot be scheduled before the July 5, 2018 deadline for the parties to file a joint pretrial statement because Plaintiff's counsel is scheduled to start a two-week trial on June 18. However, the scheduling problems are entirely of Plaintiff's own making. Plaintiff acknowledges it was made aware of the need for the reports on March 1, 2018, but the reports were not completed until after the fact discovery cutoff. ECF 58 at 3, n.1. Defendant has reasonably requested very limited depositions—six one-hour telephonic depositions—which Plaintiff will find time to accommodate if it intends to use the reports at trial.

Accordingly, the Court GRANTS Costco's request and ORDERS that if Plaintiff intends to use the door activity reports at trial, it must make each of the six witnesses who prepared the reports available for a one-hour telephonic deposition between now and June 30, 2018.

**SO ORDERED.**

Dated: June 13, 2018

SUSAN VAN KEULEN
United States Magistrate Judge