# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

LILIANA CANELA, , individually and on behalf of all others similarly situated,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, and DOES 1 through 10, inclusive,

Defendants.

Case No. 13-cv-03598-BLF

**ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL; AND**

**ORDER GRANTING DEFENDANT'S REQUEST FOR STAY OF THE CASE**

[Re: ECF 57]

Before the Court is Defendant Costco Wholesale Corporation's ("Costco") motion for certification of interlocutory appeal of the Court's Order Denying Defendant's Motion for Partial Summary Judgment ("Order," ECF 55) and motion for stay pending appeal. Mot., ECF 57. Plaintiff Liliana Canela opposes the motion. Opp'n, ECF 59. Pursuant to Civil Local Rule 7-1(b), the Court finds Costco's motion to be suitable for submission without oral argument and hereby VACATES the hearing scheduled for July 12, 2018. Having considered the briefing, as well as the governing law, the Court GRANTS Costco's motion for certification of interlocutory appeal. The Court DEFERS ruling on Costco's request for a stay pending an appeal so that the parties may submit a joint statement in light of this order.

## I. LEGAL STANDARD

Generally, the United States Courts of Appeals have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. However, a district court may certify an order for interlocutory review where (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially

advance the ultimate termination of the litigation. 28 U.S.C. §1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The purpose of § 1292(b) is to provide "immediate appeal of interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995). Section 1292(b) certifications should be "applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959).

## II. DISCUSSION

Costco seeks to certify the Order for interlocutory review by the Ninth Circuit under 28 U.S.C. § 1292(b) based on the following questions:

> 1. Whether, absent class certification, a PAGA plaintiff in federal court has Article III standing to represent absent aggrieved employees (the "Article III standing issue").
>
> 2. Whether a PAGA plaintiff in federal court can represent absent aggrieved employees without qualifying for class certification under Rule 23 (the "Rule 23 certification issue").

Notice of Motion, ECF 57. Costco asserts that each question involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. *See generally* Mot.

### A. The Article III Standing Issue

#### i. Controlling Question of Law

Costco argues that whether Canela has standing to represent unnamed aggrieved employees under PAGA without class certification is a "controlling question of law." Mot. 5. Canela admits that this issue is a controlling question of law. Opp'n 2.

The Court agrees with the parties. In the Order, the Court recognized that the Article III standing issue raised by Costco is a purely legal question that does not depend on a material dispute of fact. Order 6. That issue is also "controlling" because a reversal on appeal would mean that Canela could pursue only her individual PAGA claim or that Canela cannot pursue her PAGA claim in federal court at all.[1] Therefore, Canela's PAGA claim would be materially affected by

---

[1] The parties dispute whether a plaintiff can pursue an individual PAGA claim. Costco claims that Canela can assert her individual PAGA claim, and represents that it is ready to engage in settlement discussions if she does so. Tr. for Hearing on Mot. for Summary Judgment 38:10–12, ECF 50. Canela contends that a PAGA claim may not proceed on an individual basis. Opp'n 3.

the Ninth Circuit's resolution of the standing issue. *In re Cement Antitrust*, 673 F.2d at 1026 ("[A]ll that must be shown in order for a question [of law] to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."). The Court thus finds that the first requirement for § 1292(b) is satisfied.

### ii. Substantial Ground for Difference of Opinion

Costco asserts that a substantial ground for difference of opinion exists as to the Article III standing issue because an "intra-district conflict has lasted for almost a decade." Mot. 7–8. Canela disagrees and argues that the Court relied on the California Supreme Court and Ninth Circuit's respective opinions in *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348 (Cal. 2014) and *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015) to reach its conclusion. Opp'n 2.

The Court is persuaded by Costco's argument. While the Court relied on *Iskanian* and *Sakkab* to reach its conclusion, the Court recognized that the Ninth Circuit has not addressed the Article III standing issue. Order at 8. Moreover, courts within this circuit have split on whether a plaintiff has standing to pursue PAGA claims without satisfying Rule 23 requirements at least since 2009. Order 7–8 (collecting cases). Accordingly, the Court finds that the Article III standing issue presents a disputed and difficult question which the Ninth Circuit has not addressed. On this basis, the Court concludes that Costco has shown the existence of a substantial ground for difference of opinion as to the Article III standing issue. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (holding that a substantial ground for difference of opinion may be found where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, . . . or if novel and difficult questions of first impression are presented"); *see also Wishnev v. Nw. Mut. Life Ins. Co.*, No. 15-CV-03797-EMC, 2016 WL 9223857, at *1 (N.D. Cal. Mar. 28, 2016) (finding that the second § 1292(b) requirement is met where the Ninth Circuit has not addressed the issue and there is a split of authority between the courts on a pure legal question).

---

Thus, she believes that this case should be remanded to state court if the Ninth Circuit reverses the Order. *Id.*

3

### iii. Material Advance of the Ultimate Termination of the Litigation

Costco contends that resolution of the Article III issue would materially advance the termination of this action because a reversal by the Ninth Circuit would dispose of "virtually all of this action, in terms of its magnitude." Mot. 5. Costco claims that if Canela lacks standing to represent unnamed aggrieved employees, "only her individual suit should remain." *Id.* Canela responds that Costco will have a right to appeal after the trial which is about three months away. Opp'n 3. Canela further argues that a reversal by the Ninth Circuit would not "terminate" this litigation because a "PAGA claim may not proceed on an individual basis" and this case would be remanded to state court. *Id.*

The Court finds that a successful interlocutory appeal on the Article III issue would materially advance the termination of this litigation. If Canela is limited to pursuing only her individual PAGA claim, as Costco contends, the trial would involve fewer disputed issues and it would be more likely that the parties would reach a settlement given Costco's willingness to settle this case under that circumstance. Tr. for Hearing on Mot. for Summary Judgment 38:10–12. Further, if Canela cannot assert an individual PAGA claim, Canela asserts that she would request remand to state court. Under these circumstances, the Court finds that the third § 1292(b) requirement is satisfied. *Rollins v. Dignity Health*, No. 13-CV-01450-TEH, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014) (holding that the increased certainty on disputed issues and the higher possibility of settlement would materially advance the termination of litigation); *see also Securities and Exchange Commission v. Mercury Interactive, LLC*, No. 07–cv–02822–JF, 2011 WL 1335733, at *3 (N.D. Cal. Apr. 7, 2011) ("A final resolution as the scope of the statute would have a significant effect on the trial of this action, and perhaps upon the parties' efforts to reach settlement.").

### iv. Conclusion

Accordingly, Costco has satisfied its burden to show all three § 1292(b) requirements for certifying the Article III standing issue for an interlocutory appeal.

//

//

### B. The Rule 23 Certification Issue

#### i. Controlling Question of Law

Costco argues that whether Canela can represent absent aggrieved employees without qualifying for class certification under Rule 23 is a "controlling question of law." Mot. 8–9. Canela agrees. Opp'n 2.

In accordance with the parties' agreement, the Court finds that the second question raised by Costco is a controlling question of law. In the Order, the Court recognized that the Rule 23 certification issue is a purely legal question that does not depend on a material dispute of fact. Order 6. That issue is "controlling" because a reversal by the Ninth Circuit would materially affect Canela's PAGA claim because she has not obtained class certification and thus may not then pursue her representative PAGA claim in this case. *In re Cement Antitrust*, 673 F.2d at 1026 ("[A]ll that must be shown in order for a question [of law] to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.").

#### ii. Substantial Ground for Difference of Opinion

Costco asserts that a substantial ground for difference of opinion exists as to the Rule 23 certification issue because the California Supreme Court in *Amalgamated Transit Union, Local 1756, AFL–CIO v. Superior Court,* 46 Cal.4th 993, 1003 (2009) has characterized PAGA as a procedural statute and several courts within this circuit have required a PAGA plaintiff to obtain Rule 23 certification. Opp'n 9–10. Canela counters that recent district court cases have held that Rule 23 certification is not required. Canela further argues that the Court's Order addressed *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010) which courts that have required Rule 23 certification relied on.

The Court is persuaded by Costco's argument that there is a substantial ground for difference of opinion. As recognized in the Order, the Ninth Circuit has not directly addressed whether a plaintiff is required to obtain Rule 23 certification to pursue a representative PAGA claim and courts within this circuit have split on that issue. Order 13–14. Some courts that required Rule 23 certification reached an opposite conclusion than the Court's ruling upon considering *Shady Grove* and *Amalgamated Transit*. The Court therefore finds that the Rule 23

5

certification issue presents a disputed and difficult question which the Ninth Circuit has not addressed and satisfies the second § 1292(b) requirement. *Couch*, 611 F.3d at 633; *see also Wishnev*, 2016 WL 9223857, at *1 (finding that the second § 1292(b) is met where the Ninth Circuit has not addressed the issue and courts have split on a pure legal question).

### iii. Material Advance of the Ultimate Termination of the Litigation

The parties raise the same arguments discussed in relation to the Article III standing issue. *See* Mot. 8–9; Opp'n 3. For the same reasons explained above, the Court finds that Costco has shown that the third §1292(b) requirement is satisfied.

### iv. Conclusion

Accordingly, Costco has satisfied its burden to show all three § 1292(b) requirements for certifying the Rule 12 certification issue for an interlocutory appeal.

## C. Costco's Request for Stay

Costco requests that this case be stayed until the Ninth Circuit resolves the interlocutory appeal. Mot. 10. Costco contends that a stay will not prejudice Canela because she believes that penalties "continue to run" and that the stay would promote orderly and efficient litigation. *Id.* While Canela opposes the instant motion, she has not provided any argument against Costco's request for a stay.

The Court agrees with Costco that the case should be stayed pending resolution by the Ninth Circuit. If the parties were required to continue trial preparation for the upcoming July 19, 2018 final pretrial conference and September 10, 2018 trial, much of the efficiency and benefit of an interlocutory appeal would be lost. Further, Canela has not identified any prejudice.

In light of the stay, the Court will reset trial to December 10, 2018 and the final pretrial conference to November 8, 2018 at 1:30 p.m. upon confirmation by counsel that they are available on those dates.

## III. CONCLUSION

For the reasons set forth above, Costco's motion for certification of interlocutory appeal of the Court's Order Denying Defendant's Motion for Partial Summary Judgment is hereby GRANTED. The Court certifies the following issues of controlling law as to which there are

substantial grounds for difference of opinion, the immediate appeal of which will materially advance the ultimate termination of the litigation, thus satisfying the statutory requirements of 28 U.S.C. § 1292(b):

1. Whether, absent class certification, a PAGA plaintiff in federal court has Article III standing to represent absent aggrieved employees.
2. Whether a PAGA plaintiff in federal court can represent absent aggrieved employees without qualifying for class certification under Rule 23.

The Court's Order Denying Defendant's Motion for Partial Summary Judgment is hereby amended to include this order. Costco shall petition the Ninth Circuit for leave to proceed with the interlocutory appeal **within fourteen (14) days of the date of this order**.

The parties shall submit a joint statement **on or before June 21, 2018** regarding their availability for trial on December 10, 2018.

**IT IS SO ORDERED.**

Dated: June 15, 2018

_____
BETH LABSON FREEMAN
United States District Judge